IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERNIE FULFORD,
   Petitioner,

vs.            Case No. 3:08cv356/MCR/EMT

WARDEN SCOTT FISHER,
   Respondent.
_____/

## REPORT AND RECOMMENDATION

   This matter is before the court on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 4).  The filing fee has been paid.  This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of the petition is appropriate.

   Petitioner is a federal prisoner who was convicted in the United States District Court for the District of Montana of conspiracy to distribute cocaine and possession with intent to distribute cocaine (Doc. 4 at 2).  His sentence was enhanced, pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines, for possession of a firearm in relation to a drug offense (*id.* at 3).  Petitioner is currently housed at Federal Prison Camp, Pensacola, Florida (*id.* at 1).  Petitioner states he is currently enrolled in the Residential Drug Abuse Program ("RDAP"), and he anticipates successfully completing the program on December 4, 2008 (Doc. 4, supporting memorandum at 2).  Petitioner contends the Bureau of Prisons (BOP) has improperly excluded him from early release eligibility pursuant to 18 U.S.C. § 3621(e)(2)(B), based upon the sentence enhancement.  He claims that 28 C.F.R. § 550.58, implementing 18 U.S.C. § 3621, is invalid under the Administrative Procedures Act (APA) (*id.* at 2–8).

   Title 18 U.S.C. § 3621(e)(2)(B) grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes a substance abuse treatment program.  Title 28

C.F.R. § 550.58 provides additional considerations for early release under this statute, and certain categories of inmates are not eligible for early release.  Subsection § 550.58(a)(vi)(B) provides that inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm are not eligible for early release.  Petitioner contends that he was improperly denied eligibility for the one-year sentence reduction on this basis (Doc. 4, supporting memorandum at 2).  The BOP's discretionary authority to preclude early release based on this regulation was upheld in Lopez v. Davis, 531 U.S. 230, 240, 244, 121 S. Ct. 714, 724, 148 L. Ed. 2d. 635 (2001).  Petitioner contends that the court should follow the Ninth Circuit's recent decision in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), which held that the regulation implemented by the BOP categorically excluding from early release prisoners convicted of offenses involving possession, carrying, or use of firearms violated the APA.  Petitioner acknowledges that he has not exhausted his administrative remedies prior to filing this habeas action, but he contends the exhaustion requirement of the Prison Litigation Reform Act (PLRA) does not apply to habeas petitions filed under 2241 (Doc. 4 at 3, supporting memorandum at 2).  The court need not reach the merits of Petitioner's claim at this time as he has failed to exhaust his administrative remedies.

Although the exhaustion requirement of the PLRA does not apply to habeas petitions, it is well established that prisoners must exhaust administrative remedies before habeas relief may be granted, including relief pursuant to § 2241.  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632, 634 (2d Cir. 2001) (addressing § 2241 petition); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (addressing § 2241 petition); Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981) (discussing habeas petitions in general); United States ex rel. Sanders v. Arnold, 535 F.2d 848, 850–51 (3d Cir. 1976) (same); Willis v. Ciccone, 506 F.2d 1011, 1014–15, n.3 (8th Cir. 1974) (same).  "Exhaustion of administrative remedies is jurisdictional" when a petition for writ of habeas corpus is brought pursuant to § 2241 for release from a federal prison.  Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (recognizing that although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a § 2241 writ of habeas corpus, exhaustion is jurisdictional in the Eleventh Circuit, and distinguishing such cases from habeas actions filed by state inmates under § 2254 and habeas actions filed by members of military forces convicted by

special court-martials); <u>Gonzalez v. United States</u>, 959 F.2d 211, 212 (11th Cir. 1992) (citing <u>United States v. Lucas</u>, 898 F.2d 1554, 1556 (11th Cir. 1990) (requirement that prisoners exhaust administrative procedures prior to seeking relief in district court is jurisdictional)); <u>United States v. Mitchell</u>, 845 F.2d 951, 952–53 (11th Cir. 1988) (district court does not have jurisdiction to entertain petition seeking sentence credit until defendant has exhausted his administrative remedies; after final administrative decision, a dissatisfied prisoner may seek review of that decision) (citation omitted). Also jurisdictional is "[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued." <u>Boz v. United States</u>, 248 F.3d 1299, 1300 (11th Cir. 2001) (per curiam) (internal quotation marks and citation omitted). Specifically with regard to early release issues under 18 U.S.C. § 3621(e), the statute provides that the BOP possesses the exclusive authority to reduce an eligible inmate's sentence after successfully completing a drug treatment program.[1]

The Bureau of Prisons provides a four-level administrative grievance procedure for prisoner complaints.  28 C.F.R. § 542.10-542.16.  Initially, prisoners must seek resolution of issues through informal grievances.  <i>Id.</i> at § 542.13(a).  If unsuccessful, an inmate may then file a formal written complaint with the institution.  <i>Id.</i> at § 543.13(b).  An appeal may then be taken to the Regional Director.  <i>Id.</i> at § 542.15.  Finally, an inmate may appeal the Regional Director's response to the General Counsel for the BOP.  <i>Id.</i>  Each of these steps is generally required to satisfy the exhaustion prerequisite.  Furthermore, an inmate is required to exhaust administrative remedies before seeking habeas relief, rather than doing so while a petition is pending.  <u>Meagher v. Dugger</u>, 737 F. Supp. 641, 643 (S.D. Fla. 1990).

---

[1]Section 3621(e) provides that if an inmate completes a drug and alcohol treatment program authorized under 18 U.S.C. § 3621(e),

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §3621(e)(2)(B).

In this case, Petitioner admits that he has not exhausted his administrative remedies prior to filing suit, thus, it is obvious from the face of the petition that Petitioner failed to exhaust.[2]  This failing operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.  For this reason, this case should be dismissed without prejudice to allow Petitioner the opportunity to pursue his administrative remedies.  *See* 28 U.S.C. § 2243 (a court entertaining an application for writ of habeas corpus shall award the writ or issue an order directing respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant is not entitled to relief); *see also, e.g.,* Garcia v. Middlebrooks, No. 5:08cv165/RH/MD, 2008 WL 2775951 (N.D. Fla. July 12, 2008) (dismissing sua sponte for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. §3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition); Lee v. United States, No. 5:06cv224/MCR/MD, 2007 WL 707508 (N.D. Fla. Mar. 5, 2007) (dismissing sua sponte for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner had not initiated administrative grievance process at the time he filed his petition, but initiated it while habeas case was pending); McLeod v. Henry, No. 5:02cv272/MMP/MD (N.D. Fla. Oct. 1, 2002) (dismissing sua sponte for lack of jurisdiction § 2241 petition challenging the BOP's computation of sentence credit under 18 U.S.C. § 3585, where petitioner was in the process of exhausting his administrative remedies at the time he filed his petition).

Accordingly, it is respectfully **RECOMMENDED**:

---

[2]Although this district court has recognized that the § 2241 exhaustion requirement is judicially created, not statutory, and judicially created exhaustion requirements ordinarily are subject to narrow exceptions, including futility, "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit."  Garcia v. Middlebrooks, No. 5:08cv165/RH/MD, 2008 WL 2775951, at *1 (N.D. Fla. July 12, 2008) (citing Jaimes v. United States, 168 Fed. Appx. 356, 359 (11th Cir. 2006) ("Given our precedent that the exhaustion requirement in § 2241 cases . . . is jurisdictional, whether he may even assert a futility exception to the requirement is questionable."); Winck, 327 F.3d at 1300 n.1).  Furthermore, assuming that judicial waiver of the exhaustion requirement is available, Petitioner has alleged no grounds for invoking it in this case.  *See* Irwin v. Hawk, 40 F.3d 347, 349 (11th Cir. 1994) (requiring exhaustion in prisoner civil rights case even when denial of claim is likely because "[l]ight[ ]ning may strike; and even if it doesn't, in denying relief the Bureau may give a statement of its reasons that is helpful to the district court in considering the merits of the claim") (quoting Greene v. Meese, 875 F.2d 639, 641 (7th Cir. 1989)); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (holding that the BOP's alleged failure to release an inmate on his presumptive release date did not excuse the prisoner's failure to exhaust).

That the amended petition for writ of habeas corpus under § 2241 (Doc. 4) be **DISMISSED WITHOUT PREJUDICE** to afford Petitioner an opportunity to exhaust his administrative remedies in accordance with BOP procedures.

At Pensacola, Florida, this 19th day of September 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.:  3:08cv356/MCR/EMT